UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARIA O'REILLY-BROOKES,**

   *Plaintiff,*

  **v.**

**EXPERIAN INFORMATION SOLUTIONS, INC., CORELOGIC CREDCO, LLC, PROFESSIONAL FINANCE COMPANY, INC.,** *and* **U.S. ANESTHESIA PARTNERS OF FLORIDA, INC.,**

   *Defendants.*
_____/

Case No: _____

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Maria O'Reilly-Brookes ("**Ms. O'Reilly-Brookes**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, Experian Information Solutions, Inc. ("**Experian**"), CoreLogic Credco, LLC ("**CoreLogic**"), Professional Finance Company, Inc. ("**PFC**"), and U.S. Anesthesia Partners of Florida, Inc., ("**U.S. Anesthesia Partners**") (collectively, the "Defendants"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. O'Reilly-Brookes against PFC for violations of the *Fair Debt Collection Practices Act* ("**FDCPA**"), 15 U.S.C. § 1692, *et*

Page **1** of **30**

*seq.*, against PFC and U.S. Anesthesia Partners for violations of the *Florida Consumer Collection Practices Act*, Section 559.55, Florida Statutes, *et seq.* ("**FCCPA**"), and against CoreLogic, Experian and PFC for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction for Ms. O'Reilly-Brookes' federal claims arise under the FCRA, 15 U.S.C. § 1681p, the FDCPA, 15 USC 1692k(d), and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction for Ms. O'Reilly-Brookes' state law claims pursuant to 28 U.S.C. § 1367.

4. The Defendants are subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes, and Fed. R. Civ. P. 4(k).

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendants within this District.

## PARTIES

6. **Ms. O'Reilly-Brookes** is a natural person residing in Winter Garden, Florida, and a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c), the FDCPA, 15 U.S.C. § 1692a(3), and the FCCPA, Section 559.55(8), Florida Statutes.

7. **Experian** is an Ohio corporation, with a primary business address of 475 Anton Blvd., Costa Mesa, CA 92626.

8. Experian is registered to conduct business in the State of Florida, where its registered agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9. Experian is a *Consumer Credit Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce, specifically the mail and internet, for the purpose of preparing or furnishing consumer reports.

10. As a CRA, Experian is aware of its obligations under the FCRA.

11. **CoreLogic** is a Delaware limited liability company with a primary business address of 10277 Scripps Ranch Blvd., San Diego, CA 92131.

12. CoreLogic is registered to conduct business in the State of Florida, where its registered agent is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

13. CoreLogic is regularly engaged in the business of assembling and merging information contained in the database of other consumer reporting

agencies for purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

14. CoreLogic is thus a "reseller" as defined in 15 U.S.C. § 1681a(u).

15. **PFC** is a Colorado corporation with a primary business address of 5754 West 11th Street, Suite 100, Greeley, Colorado 80634.

16. PFC's Florida Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

17. PFC is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that it uses instrumentalities of commerce, including postal mail, telephone, the internet, and/or e-mail, interstate and within the State of Florida, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. PFC is licensed as a *Consumer Collection Agency* ("**CCA**") by the Florida Office of Financial Regulation, holding license number CCA0900907.

19. **U.S. Anesthesia Partners** is a Florida corporation with a primary business address 851 Trafalgar Court, Suite 200E, Maitland, FL 32751.

20. U.S. Anesthesia Partners' Florida Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

## FACTUAL ALLEGATIONS

21. On or about October 21, 2020, Ms. O'Reilly-Brookes received medical services from U.S. Anesthesia Partners at AdventHealth in Apopka, Florida.

22. Ms. O'Reilly-Brookes provided AdventHealth and U.S. Anesthesia Partners with her United Healthcare insurance information and paid all charges she was told would be due.

23. Despite this, U.S. Anesthesia Partners later claimed that $750.32 was owed ("**the Debt**").

24. The Debt allegedly arose from expenses for family, personal, or household purposes, specifically personal medical treatment, and therefore meets the definitions of *Debt* under the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Section 559.55(6), Florida Statutes.

25. On or around September 27, 2021, U.S. Anesthesia Partners mailed Ms. O'Reilly-Brookes a collection letter stating that $750.32 was past due. **SEE PLAINTIFF'S EXHIBIT A.**

26. The $750.32 balance was the aggregate of two different bills, each for $375.16.

27. Both bills were for services rendered on October 21, 2020.

28. The first $375.16 was for services rendered by a clinician named Wendy Sayavongsone ("Sayavongsone").

29. The second $375.16 was for a clinician named Domenick Dirico ("Dirico").

30. At some point shortly thereafter, U. S. Anesthesia Partners assigned the Debt to PFC for collection.

31. PFC thereafter mailed Ms. O'Reilly-Brookes its own collection letter.

32. In response, Ms. O'Reilly-Brookes' husband sent a check for $375.47 to PFC on December 17, 2021. **SEE PLAINTIFF'S EXHIBIT B.**

33. Ms. O'Reilly-Brookes' husband sent a second check, this one for $375.16, to U.S. Anesthesia Partners on January 11, 2022. **SEE PLAINTIFF'S EXHIBIT B.**

34. Both checks were deposited by the respective payees and cleared.

35. Ms. O'Reilly-Brookes thus overpaid U.S. Anesthesia Partners by 31 cents, as the total of the payments was $750.63.

36. However, in February 2022, PFC began reporting the account to the "Big Three" nationwide CRAs – Equifax, Experian and Trans Union – as a purported unpaid collection account, even though the debt was paid in full. **SEE PLAINTIFF'S EXHIBIT C.**

37. PFC reported a balance of $375. *Id.*

38. In March 2022, Ms. O'Reilly-Brookes' and her husband applied for a mortgage with Bank of America.

39. Bank of America obtained a consumer report on Ms. O'Reilly-Brookes and her husband from CoreLogic as part of the application process.

40. CoreLogic, in turn, obtained consumer reports from each of the Big Three and compiled the information into one report, referred to as a "tri-merge" report, which it then sold to Bank of America.

41. The FICO® credit scores reported by each of the Big Three and CoreLogic for Ms. O'Reilly-Brookes' husband were excellent, and well over the 720 mark considered "prime."

42. However, Ms. O'Reilly-Brookes' FICO® credit scores were substantially below 720, due solely to the presence of the collection account.

43. As PFC's collection tradeline was the only collection tradeline – or tradeline with any derogatory reporting of any kind – present on her report, PFC's reporting was the direct and proximate cause of Ms. O'Reilly-Brookes' credit scores being under 720.

44. As a result, Bank of America was unable to approve Ms. O'Reilly-Brookes' application.

45. Around April 1, 2022, Ms. O'Reilly-Brookes disputed the accuracy of the PFC tradeline appearing on her credit history to CoreLogic, explaining the debt had been paid in full well before the reporting of it as "unpaid" began.

46. Ms. O'Reilly-Brookes provided the payment dates and amounts along

with her dispute.

47. CoreLogic, was thereafter required by 15 U.S.C. § 1681i(f)(2)(B)(ii) to convey the notice of the dispute, together with all relevant information provided by Ms. O'Reilly-Brookes, to each CRA that provided CoreLogic with the information that was in dispute, e.g., the errant PFC tradeline.

48. Upon information and belief, CoreLogic opened ticket number T00083719-1 concerning Ms. O'Reilly-Brookes' dispute.

49. Upon information and belief, CoreLogic forwarded Ms. O'Reilly-Brookes' dispute to Experian only, and not to Equifax or Trans Union.

50. Experian, upon receipt of the dispute, had an employee or contractor enter in a three-digit dispute code from a list of pre-written dispute templates.

51. Upon information and belief, Experian coded the dispute as 012, which corresponds with "claims paid the original creditor before collection status or paid before charge-off."

52. From this point forward, Experian's dispute resolution systems are almost completely automated.

53. Experian's automated systems initiated an *Automated Consumer Dispute Verification* Request ("**ACDV**") which was delivered to PFC through a system known as e-OSCAR.

54. Based on the dispute code of 012, the template's instructions to PFC

would have been to "verify Account Status, Payment Rating, Current Balance, Amount Past Due and Account History, Last Payment Date."

55. Upon information and belief, PFC informed U.S. Anesthesia Partners of the dispute.

56. Upon information and belief, U.S. Anesthesia Partners then forwarded billing information to PFC.

57. This billing information was passed on to Ms. O'Reilly-Brookes along with the results of the investigation into her dispute. **SEE PLAINTIFF'S EXHIBIT D.**

58. However, the billing information provided by U.S. Anesthesia Partners was extremely convoluted.

59. For example, the first five sections of the billing documents all state (for a total of five times) "INVOICE BALANCE:  0.00."

60. The sixth area of the billing documents lists "BAD DEBT PLACEMENT PROFESS" with a $375.16 charge, then a "BAD DEBT RECALL PROFESSION" with apparently another $375.16 charge, resulting in an "invoice balance" of $375.16.

61. U.S. Anesthesia Partners therefore appears to be claiming that 0+0+0+0+0 = $375.16, and this amount was placed with PFC for collection and then recalled, without payment.

62. Despite having no reasonable basis to believe any money was owed – since the Debt had been paid in full, and, indeed, overpaid by a few cents – PFC simply verified its reporting as accurate in its response to the ACDV, certifying to Experian the data appearing on Ms. O'Reilly-Brookes' report was accurate and required no update, change, or modification. **SEE PLAINTIFF'S EXHIBIT C.**

63. PFC thus failed to make a reasonable investigation into Ms. O'Reilly-Brookes 's dispute.

64. No reasonable investigation could have determined that the Debt – which had been paid in full -- was still owed by Ms. O'Reilly-Brookes.

65. Experian, as a CRA, was also required to conduct an investigation into Ms. O'Reilly-Brookes' dispute.

66. Upon receipt of the ACDV response, Experian utilized an automated system which made rudimentary checks of tradeline data between what PFC had reported and the data contained in Experian's own file on Ms. O'Reilly-Brookes, *e.g.*, his name, address, date of birth, and Social Security number.

67. On information and belief, Experian did no further investigation of its own, instead relying on the ACDV response from PFC.

68. Experian thus also failed to make a reasonable investigation into Ms. O'Reilly-Brooke's dispute.

69. Experian has sold multiple reports in the last 24 months concerning Ms. O'Reilly-Brookes which contain the false and defamatory PFC tradeline.

70. As a result of the Defendants' conduct, Ms. O'Reilly-Brookes has been denied credit and suffered damage to her reputation and severe emotional distress.

71. Ms. O'Reilly-Brookes has also spent significant time and money attempting to force the Defendants to comply with their statutory obligations.

72. Ms. O'Reilly-Brookes has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 1681i(a)(1)(A) – Experian

73. Ms. O'Reilly-Brookes adopts and incorporates paragraphs 1 – 72 as if fully stated herein.

74. Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation regarding the PFC tradeline disputed by Ms. O'Reilly-Brookes, as any reasonable investigation would have determined that the Debt had been paid in full and should report as such.

75. Experian's conduct, action, and inaction was willful and intentional or, alternately, was engaged in with reckless disregard for its consequences.

76. Experian is aware from prior lawsuits that it's practice of blindly accepting ACDV results often will lead to unreasonable investigations, but continues to do so.

77. As a result of its willful conduct, Experian is liable to Ms. O'Reilly-Brookes, pursuant to, 15 U.S.C. § 1681n, for the greater of her actual damages, or statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, attorneys' fees, and costs.

78. Alternatively, Experian's conduct was negligent, and Experian is liable to Ms. O'Reilly-Brookes, pursuant to, 15 U.S.C. § 1681o, for her actual damages, attorneys' fees, and costs.

**WHEREFORE,** Ms. O'Reilly-Brookes respectfully requests that this Honorable Court enter judgment against Experian for:

    a.    The greater of statutory damages of $1,000 per incident or Ms. O'Reilly-Brookes' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. O'Reilly-Brookes' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3); and,

    d.    Such other relief that the Court deems just and proper.

## COUNT II
## VIOLATIONS OF 15 U.S.C. § 1681s-2(b) – PFC

79. Ms. O'Reilly-Brookes adopts and incorporates paragraphs 1 – 72 as if fully stated herein.

80. PFC violated **15 U.S.C. § 1681s-2(b)** when it failed to update, modify, or correct its reports after receiving notice of dispute from Experian.

81. Any reasonable investigation would have concluded that the purported "unpaid debt" could not be verified as accurate as it was not only paid in full, but actually overpaid by 32 cents.

82. PFC's conduct was willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Ms. O'Reilly-Brookes.

83. As a result of its willful conduct, PFC is liable to Ms. O'Reilly-Brookes, pursuant to, 15 U.S.C. § 1681n, for the greater of her actual damages, or statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, attorneys' fees, and costs.

84. Alternatively, PFC's conduct was negligent, and PFC is liable to Ms. O'Reilly-Brookes, pursuant to, 15 U.S.C. § 1681o, for her actual damages, attorneys' fees, and costs.

**WHEREFORE,** Ms. O'Reilly-Brookes respectfully requests that this Honorable Court enter judgment against PFC for:

a. The greater of statutory damages of $1,000 per incident or Ms. O'Reilly-Brookes' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. O'Reilly-Brookes' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3); and,

d. Such other relief that the Court deems just and proper.

## COUNT III
### VIOLATIONS OF 15 U.S.C. § 1692e – PFC

85. Ms. O'Reilly-Brookes adopts and incorporates paragraphs 1 – 72 as if fully stated herein.

86. PFC violated **15 U.S.C. § 1692e** when PFC used false, deceptive, and misleading representations in connection with the collection of a debt when it attempted to collect the Debt from Ms. O'Reilly-Brookes after the Debt had been paid in full, thereby falsely alleging that a balance remained owed.

**WHEREFORE,** Ms. O'Reilly-Brookes respectfully requests that this Honorable Court enter judgment against PFC for:

    a.       Statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.       Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.       Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.       Such other relief that this Court deems just and proper

## COUNT IV
## VIOLATIONS OF 15 U.S.C. § 1692f – PFC

87. Ms. O'Reilly-Brookes adopts and incorporates paragraphs 1 – 72 as if fully stated herein.

88. PFC violated **15 U.S.C. § 1692f** when PFC attempted to collect the Debt after full payment, thereby attempting to collect a debt with no basis in contract or law.

**WHEREFORE,** Ms. O'Reilly-Brookes respectfully requests that this Honorable Court enter judgment against PFC for:

    a.       Statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.       Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.    Such other relief that this Court deems just and proper

## COUNT V
## VIOLATIONS OF FLA. STAT. § 559.72(9) – PFC

89.    Ms. O'Reilly-Brookes adopts and incorporates paragraphs 1 – 72 as if fully stated herein.

90.    PFC violated **Section 559.72(9), Florida Statutes**, when it attempted to collect a debt which had been paid, thereby falsely asserting that the Debt was legitimate, and that PFC had the legal right to continue collection.

91.    PFC's actions were willful and intentional, or alternatively, were performed with reckless disregard, as PFC had proof of payment in its possession and/or control and was informed by Ms. O'Reilly-Brookes that payment had been made in full, but proceeded with collection regardless.

**WHEREFORE,** Ms. O'Reilly-Brookes respectfully requests that this Honorable Court enter judgment against PFC for:

    a.    Statutory damages of $1,000 pursuant to Section 559.77(2), Florida Statutes;

    b.    Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to Section 559.77(2), Florida Statutes;

    c.    Injunctive relief prohibiting PFC from further collection of the Debt;

    d.    Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and

    e.    Such other relief that this Court deems just and proper.

## COUNT VI
## VIOLATIONS OF FLA. STAT. § 559.72(9) – U.S. ANESTHESIA PARTNERS

92.    Ms. O'Reilly-Brookes adopts and incorporates paragraphs 1 – 72 as if fully stated herein.

93.    U.S. Anesthesia Partners violated **Section 559.72(9), Florida Statutes**, when it attempted to collect a debt which had been paid, thereby falsely asserting that the Debt was legitimate, and that PFC had the legal right to continue collection.

94.    U.S. Anesthesia Partners' actions were willful and intentional, or alternatively, were performed with reckless disregard, as U.S. Anesthesia Partners had proof of payment in its possession and/or control and was informed by Ms. O'Reilly-Brookes that payment had been made in full, but proceeded with collection regardless.

**WHEREFORE,** Ms. O'Reilly-Brookes respectfully requests that this Honorable Court enter judgment against U.S. Anesthesia Partners for:

    a.    Statutory damages of $1,000 pursuant to Section 559.77(2), Florida Statutes;

    b.    Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to Section 559.77(2), Florida Statutes;

    c.    Injunctive relief prohibiting PFC from further collection of the Debt;

    d.    Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and

    e.    Such other relief that this Court deems just and proper.

## COUNT VII
## VIOLATIONS OF 15 U.S.C. § 1681i(f)(2)(B)(ii) – CoreLogic

95.    Ms. O'Reilly-Brookes adopts and incorporates paragraphs 1 – 72 as if fully stated herein.

96.    CoreLogic violated **15 U.S.C. § 1681i(f)(2)(B)(ii)** when it failed to provide notice of Ms. O'Reilly-Brookes' dispute to Equifax and Trans Union.

97.    CoreLogic's conduct, action, and inaction was willful and intentional or, alternately, was engaged in with reckless disregard for its consequences.

98.    As a result of its willful conduct, CoreLogic is liable to Ms. O'Reilly-Brookes, pursuant to, 15 U.S.C. § 1681n, for the greater of her actual damages, or statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, attorneys' fees, and costs.

99.    Alternatively, CoreLogic's conduct was negligent, and CoreLogic is

liable to Ms. O'Reilly-Brookes, pursuant to, 15 U.S.C. § 1681o, for her actual damages, attorneys' fees, and costs.

**WHEREFORE,** Ms. O'Reilly-Brookes respectfully requests that this Honorable Court enter judgment against CoreLogic for:

a. The greater of statutory damages of $1,000 per incident or Ms. O'Reilly-Brookes' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. O'Reilly-Brookes' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3); and,

d. Such other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. O'Reilly-Brookes hereby demands a trial on all issues so triable.

Respectfully submitted on **July 14, 2022**, by:

> **SERAPH LEGAL, P.A.**
> /s/ *Carolyne Moomaw*
> Carolyne Moomaw, Esq.
> Florida Bar Number: 21889
> CMoomaw@seraphlegal.com
> 1614 N. 19th St.
> Tampa, FL 33605
> Tel: 813-567-1230
> Fax: 855-500-0705
> *Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

A    U.S. Anesthesia Partners Letter to Plaintiff, September 27, 2021, Excerpt
B    Payments to U.S. Anesthesia Partners
C    Plaintiff's Experian Consumer Disclosure, May 20, 2022, and Trans Union Consumer Disclosure, May 2, 2022, Excerpts
D    PFC Letter to Plaintiff, April 15, 2022, Excerpt