UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARIA O'REILLY-BROOKES,**

   *Plaintiff,*

  **v.**

**EXPERIAN INFORMATION SOLUTIONS, INC., CORELOGIC CREDCO, LLC, PROFESSIONAL FINANCE COMPANY, INC.,** *and* **U.S. ANESTHESIA PARTNERS OF FLORIDA, INC.,**

   *Defendants.*

_____/

Case No: 6:22-cv-01225-PGB-DAB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
U.S. ANESTHESIA PARTNERS OF FLORIDA, INC.'S
MOTION TO DISMISS COUNT VI OF PLAINTIFF'S COMPLAINT**

COMES NOW the Plaintiff, MARIA O'REILLY-BROOKES ("Plaintiff"), by and through her attorneys, Seraph Legal, P.A., pursuant to Local Rule 3.01(c), and files this response in opposition to Defendant U.S. ANESTHESIA PARTNERS OF FLORIDA, INC.'s ("Defendant") Motion to Dismiss Count VI of Plaintiff's Complaint ("Defendant's Motion"). Doc. No. 22.

## INTRODUCTION

Plaintiff's lawsuit seeks to hold Defendant responsible for violation of the *Florida Consumer Collection Practices Act*, § 559.55, Fla. Stat., *et seq.* ("FCCPA").

Complaint, Doc. No. 1. Defendant's Motion contends that Plaintiff fails to allege facts to support a cause of action against Defendant for violation of the FCCPA. Doc. No. 22. However, Defendant's Motion omits allegations from the Complaint that support Plaintiff's cause of action against Defendant.

**I.      Allegations**

Plaintiff received medical services from Defendant on October 21, 2020. Complaint, Doc. No. 1, ¶ 21. Plaintiff received a past due notice from the Defendant on September 27, 2021. *Id.* at ¶ 25. The bill total was $750.32 and was comprised of two separate charges of $375.16 each. *Id.* at ¶ 26. Defendant thereafter assigned the debt to Professional Finance Company, Inc. ("PFC") for collection. *Id.* at ¶ 30. PFC then sent Plaintiff a collection letter. *Id.* at ¶ 31. Plaintiff's husband then sent payment on December 17, 2021 for $375.47 and January 11, 2022 for $375.16. *Id.* at ¶ ¶ 32-33. Despite Plaintiff overpaying by 31 cents, PFC reported the debt as an unpaid collection account to consumer reporting agencies ("CRAs") in February 2022. *Id.* at ¶ ¶ 35-36.

In March 2022, Plaintiff learned that the debt was incorrectly reported as unpaid when she applied for a mortgage and her credit score was under 720 due to this lone collection tradeline. *Id.* at ¶ ¶ 37-43. Plaintiff then disputed the accuracy of the collection tradeline explaining that the debt was paid in full and providing payment dates. *Id.* at ¶ 45.

Experian Information Solutions, Inc. was provided notice of the dispute and delivered an Automated Consumer Dispute Verification Request to PFC. *Id.* at ¶¶ 49-53. PFC then informed Defendant of the dispute. *Id.* at ¶ 55. Rather than verify that the debt was in fact paid in full, Defendant instead forwarded billing information to PFC. *Id.* at ¶ 56. The billing information provided by Defendant to PFC was convoluted and in one section indicated an invoice balance of $375.16. *Id.* at ¶ 58-60. PFC then verified that the debt was still outstanding and the report was accurate. *Id.* at ¶ 62. PFC then sent a collection letter to Plaintiff indicating that Defendant verified the debt was unpaid. Exhibit D, Doc. 1-1.

Plaintiff alleges that Defendant violated § 559.72(9), Fla. Stat., by falsely asserting the debt was legitimate and that PFC had a right to collect the debt on behalf of Defendant when the debt had already been paid. Complaint, Doc. 1, ¶ 93. Plaintiff further alleges that Defendant's actions were willful and intentional or performed with reckless disregard because Defendant had proof of payment in full, but proceeded with collection through PFC. *Id.* at ¶ 93-94.

## II.     Legal Standard

On a motion to dismiss, the court must accept as true all well-pled facts in a plaintiff's complaint. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). A complaint is facially plausible where there is enough factual content to allow "the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). "Nonetheless, a complaint 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Wilchombe v. Teevee Toons*, 555 F.3d 949, 958 (11th Cir. 2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007)).

When reviewing a motion to dismiss, a court must limit its consideration to the pleadings and exhibits attached to the pleadings and, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). A court's review on a motion to dismiss is "limited to the four corners of the complaint." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). A court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims. *Wilchombe v. Teevee Toons*, 555 F.3d 949, 959 (11th Cir. 2009).

### III. Plaintiff Alleged Sufficient Facts to Support Her Claim That Defendant Violated § 559.72(9), Fla. Stat.

Section 559.72, Fla. Stat., prohibits certain behavior in connection with collection of consumer debts. Section 559.72(9), Fla. Stat., specifically prohibits claiming, attempting, or threatening "to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Defendant's Motion does not

dispute that the alleged debt is a consumer debt. Doc. No. 22. Therefore, to allege sufficient facts to support her claim that Defendant violated § 559.72(9), Fla. Stat., Plaintiff must first allege that Defendant knew that the debt was not legitimate.

Plaintiff specifically alleges that Defendant "had proof of payment in its possession and/or control and was informed by Ms. O'Reilly-Brookes that payment had been made in full." Complaint, Doc. 1, ¶ 94. Therefore, Defendant knew the debt was not legitimate and Plaintiff specifically alleged facts supporting the claim.

Defendant's Motion contends that Plaintiff fails to allege that Defendant claimed, attempted, or threatened to enforce a debt with actual knowledge the debt was not legitimate. However, Plaintiff specifically alleges behavior of both the Defendant and its agent, PFC, that support the claim that Defendant attempted to enforce a debt that Defendant knew was not legitimate. Plaintiff alleges that PFC is a debt collector and that Defendant "assigned the Debt to PFC *for collection.*" Complaint, Doc. 1, ¶ 30. (Emphasis added). A reasonable inference from this allegation is that PFC acted as an agent of Defendant for the purpose of collecting the debt.[1] Additionally, Exhibit D of Plaintiff's Complaint includes a letter from PFC indicating that Defendant is their client. The letter is an attempt to collect a

---

[1] To the extent that Plaintiff needs to allege this specifically, Plaintiff requests leave to amend the Complaint.

debt, and states "US Anesthesia Partners of Florida has reviewed your dispute and sent the following in response: The patient had two balances for the same date of services with different providers. *Currently, the balance is still owing.*" Exhibit D, Doc. 1-1 (Emphasis added). The statement that the balance is still owing is clearly made by Defendant itself, and amounts to a communication in connection with its collection of the account.

Plaintiff's Complaint further alleges that, in response to Plaintiff's dispute of the debt, Defendant sent PFC convoluted billing documents reflecting an invoice balance of zero but also of $375.16. Complaint, Doc. 1, ¶ 51-61; Exhibit D, Doc. 1-1. Thus, Plaintiff alleges that Defendant took steps to ensure PFC continued to collect the illegitimate debt on Defendant's behalf, including verifying the balance as owed and providing billing documents to PFC.

Defendant can be held liable for the behavior of its agent. In *Scott v. Florida Health Sciences Center, Inc.*, Florida Health Sciences Center, Inc. hired MAF Collection Services and Preferred Collection to collect a debt that had already been settled. Case No. 8:08-cv-1270-T-24-EAJ, 2008 WL 4613803, at *3 (M.D. Fla. Oct. 16, 2008). MAF Collection Services and Preferred Collection sent letters threatening to report the debt to credit bureaus. *Id.* at *3-4. The Court states,

> [I]f an employee or agent, acting within the scope of his employment seeks to collect a debt on behalf of a corporation that has vested him with that authority, the corporation itself has sought to collect that debt. So, if a

> corporation is aware that a debt is illegitimate, and its employees or agents attempt to collect that debt in such a manner, the corporation has violated the FCCPA.

Case No. 8:08-cv-1270-T-24-EAJ, 2008 WL 4613803, at *5 (M.D. Fla. Oct. 16, 2008). *See also Matos v. Lexington Place Condo. Ass'n, Inc.*, Case No: 6:18-cv-1105-Orl-31DCI, 2019 U.S. Dist. LEXIS 32908, at *4 (M.D. Fla. Mar. 1, 2019) ("liability under the FCCPA is not limited to "debt collectors," meaning that any principals may, at least in theory, be held vicariously liable for the actions of their agents under that statute."). Thus, while Defendant is liable for its own actions taken in connection with collection following Plaintiff's payment of the account, Defendant is also vicariously liable for PFC's attempts to collect the illegitimate debt.

## **CONCLUSION**

Taking all of the allegations in Plaintiff's Complaint as true, as is the standard on a motion to dismiss, Plaintiff clearly states a claim under § 559.72(9), Fla. Stat., and based on the foregoing case law, facts, and legal standards, Defendant's Motion to Dismiss Count VI of Plaintiff's Complaint should be Denied.

Respectfully submitted on August 29, 2022, by:

**SERAPH LEGAL, P.A.**
/s/ *Carolyne Moomaw*
Carolyne Moomaw, Esq.
Florida Bar Number: 21889
CMoomaw@seraphlegal.com
1614 N. 19th St.
Tampa, FL 33605
Tel: 813-567-1230
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, through which a copy was served on counsel for all Parties.

/s/ *Carolyne Moomaw*
Carolyne Moomaw, Esq.
Florida Bar Number: 21889